STATE OF NORTH CAROLINA v. GRAY ALEXANDER EDWARDS, JR.

No. 8714SC935

(Filed 5 April 1988)

**Constitutional Law § 28— inconsistent State's testimony—no knowledge of falsity by prosecutor—no deprivation of due process**

    Defendant was not denied due process in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury and discharging a firearm into an occupied vehicle where the defendant alleged that the prosecution failed to correct perjured testimony. Inconsistencies and conflicting testimony in the State's evidence were brought out by the prosecutor, and there was no indication in the record of any knowledge of falsity by the prosecutor.

APPEAL by defendant from *Brannon, Judge.* Judgment entered 30 April 1987 in Superior Court, DURHAM County. Heard in the Court of Appeals 28 March 1988.

This is a criminal action wherein defendant was charged in proper bills of indictment with two counts of assault with a deadly weapon with intent to kill inflicting serious injury in violation of G.S. 14-32(a) and with two counts of discharging a firearm into an occupied vehicle in violation of G.S. 14-34.1.

At trial, evidence was presented which tends to show that on 21 August 1986 Keith and Leslie Karlsson were returning to their home in Raleigh on Interstate 85 when a beige Cutlass began pursuing them. The car followed them onto Highway 70 flashing its lights, blowing its horn and running red lights in order to continue the pursuit. The Karlssons then heard a gunshot; Keith Karlsson had been shot in the back and Leslie Karlsson had been shot in the hand.

The Karlssons saw the pursuing car pass them, and Mr. Karlsson pulled their car to the side of the road. A few minutes later two men in a pickup truck stopped to help the Karlssons, saying they had seen everything including the car's license plate number and the two men in the car.

Mrs. Karlsson and the two men, Stone Ferris and William Allen Smith, testified that defendant was the passenger who had been holding a gun in the Cutlass. Immediately after the incident, the Karlssons had been unable to describe the occupants of the car. Ferris and Smith had been shown photographs from which

they had chosen the photograph of defendant as that of the passenger in the car.

The jury found defendant guilty on two counts of assault with a deadly weapon with intent to kill inflicting serious injury and one count of discharging a firearm into an occupied vehicle. From a judgment imposing prison terms of 20 years for each count of assault with a deadly weapon and 10 years for discharging a firearm into an occupied vehicle, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Victor H. E. Morgan, Jr., for the State.*

*Arthur Vann for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant's only argument on appeal is that he "was denied due process by the prosecutor's failure to correct false or perjurious testimony of the State's witnesses." Defendant contends there were two incidents of perjured testimony in the trial and that the prosecutor had a duty to correct this testimony.

Leslie Karlsson testified that she got a full facial view of the passenger in the car and believed defendant to be the passenger. Defendant argues this was contrary to her statements after the shooting that she could not describe the passenger. He also argues the testimony was inherently incredible.

Defendant further argues Smith and Ferris testified falsely that they picked defendant's photograph out of three photographs and that they picked the photographs out two months after the incident. The State offered the testimony of Detective Buchanan to the effect that both Smith and Ferris had been shown only one photograph at a time and that this was done only a week after the incident.

Defendant made no specific objection, motion to strike or motion for a mistrial with respect to any of the testimony in question. Although his brief raises an issue of an impermissibly suggestive identification procedure relating to the photographs shown to Ferris and Smith, there was no motion to suppress identification testimony prior to trial as required by G.S. 15A-975. Therefore, the only question before us is whether defendant was

denied due process because the prosecutor did not correct his witnesses' testimony. We hold under the circumstances of this case defendant was not denied constitutional due process.

Defendant in his brief relies on a number of cases which hold that prosecutors do have certain duties concerning perjured testimony. In *Alcorta v. Texas*, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed. 2d 9 (1957), the United States Supreme Court held that a prosecutor should correct substantive testimony which he knows to be false. In *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed. 2d 1217 (1959), the Court broadened its ruling by holding that perjury relating to the credibility of a witness should be corrected if the prosecutor knew of its falsity. Finally, the Court, in *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed. 2d 104 (1972), held that if other attorneys in the prosecutor's office knew of the falsity of testimony it did not matter that the prosecutor did not personally know of the falsity. In each of these cases, testimony at trial was later discovered to be false and the prosecutor knew or should have known this. No conflicting testimony was presented at the trials.

In the present case, there are inconsistencies due to Leslie Karlsson's testimony. These inconsistencies were revealed at trial by the prosecutor himself when he questioned a police detective who testified about the Karlssons' previous inability to describe the passenger of the car. Inconsistencies and contradictions in the State's evidence are a matter for the jury to consider and resolve. *State v. Goldberg*, 261 N.C. 181, 134 S.E. 2d 334, *cert. denied*, 377 U.S. 978, 84 S.Ct. 1884, 12 L.Ed. 2d 747 (1964), *overruled on other grounds, News and Observer v. State*, 312 N.C. 276, 322 S.E. 2d 133 (1984). Further, the record does not show that the prosecutor knew Leslie Karlsson was lying, if in fact she was.

As for the testimony of Smith and Ferris, it was again the prosecutor himself who made the inconsistencies evident by questioning the police detective. There is no indication in the record that the prosecutor knew the testimony to be false. The inconsistencies are again for the jury to consider and resolve, and there is no prohibition against a prosecutor placing inconsistencies before a jury. Unlike the cases relied on by defendant, the jury in this case was given an opportunity to hear conflicting testimony concerning certain details. Since there is no indication in the record

of any knowledge of falsity or reason to know on the part of the prosecutor, defendant's argument fails.

We hold defendant had a fair trial free from prejudicial error.

No error.

Judges PHILLIPS and EAGLES concur.